IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-127-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JASON RYAN WARRING, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Oxford Police Department, and defendant the testimony of the proposed third-party custodian, defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 18 April 2012 for possession of a firearm and ammunition by a felon on 4 March 2012 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from defendant's prowling around his girlfriend's apartment with another person around 5:00 a.m. on the alleged offense date in an effort to gain entry over her objection. When a police officer responded to the girlfriend's call for help, defendant and the man with him were walking away from the residence toward a car in the parking lot. The

officer's search of respondent located a loaded pistol in his waistband and six rocks of crack in one of his pockets. Defendant had previously been convicted of multiple felonies. Later, at the magistrate's office, officers heard defendant tell his mother that he had intended to run, but was not able to. After he was indicted federally, defendant told the testifying officer over the telephone that he would turn himself in, but he did not do so and changed his telephone number. He was subsequently arrested at a traffic stop by the Henderson Police Department.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the loaded status of the gun, its association with an apparent attempt to gain forced entry into a residence, the recency of the offense, and defendant's statement of his intent to flee; defendant's significant criminal record for a person of his age (23), including four felony convictions, probation revocations in three cases (one based in part on absconding), and three incarcerations without apparent deterrent effect; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, the presence of a minor in the proposed custodial home, the proposed custodian's absence from the home on a regular basis for full-time work, her status as a fact witness in the case (as to defendant's statement in the magistrate's office), and the lack of credibility of some of her testimony; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, including his lifelong residence in the community, but finds that the factors favoring detention outweigh such evidence.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 8th day of May 2012.

James E. Gates
United States Magistrate Judge